

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JJD:PGS/JLG                    *610 Federal Plaza*
F. #2020R00559                 *Central Islip, New York 11722*

July 14, 2020

By Email and ECF
The Honorable Joseph F. Bianco
United States Circuit Judge
United States Court of Appeals for the Second Circuit
1040 Federal Plaza
Central Islip, New York 11722

         Re:    United States v. Carlos Alfaro, et al.
                Criminal Docket No.: 20-251 (JFB)

Dear Judge Bianco:

         On July 9, 2020, a grand jury sitting in this district returned an indictment (the "Indictment"), captioned above, charging the following eight defendants in twenty-four counts: Carlos Alfaro, also known as "Russo" ("Alfaro"); Jose Moises Blanco, also known as "Cuervo" ("Blanco"); Oseas Gonzalez, also known as "Manota" and "Cordero" ("Gonzalez"); Jose Jonathan Guevara-Castro, also known as "Suspechoso" ("Guevara-Castro"); Victor Lopez-Morales, also known as "Persa" ("Lopez-Morales"); Ever Morales-Lopez, also known as "Kien," "Inke" and "White Boy" ("Morales-Lopez"); David Sosa-Guevara, also known as "Risky" ("Sosa-Guevara"); and Kevin Torres, also known as "Quieto" and "Inquieto" ("Torres"). These eight defendants are all members of the violent transnational criminal organization La Mara Salvatrucha, also known as the "MS-13" street gang. Specifically, the charged defendants belong to one of two subgroups or "cliques" of the MS-13 operating on Long Island: the Hollywood Locos Salvatruchas ("Hollywood") clique, and the Sailors Locos Salvatruchas Westside ("Sailors") clique. Sosa-Guevara and Torres were the New York leaders of the Hollywood and Sailors cliques, respectively, and were in direct communication with high-ranking MS-13 leaders in El Salvador. In addition to the defendants charged in the Indictment, two other MS-13 members, both of whom were juveniles at the time they committed the crimes, have separately been charged with racketeering offenses and several murders. By statute, those cases remains under seal at this time.

         The Indictment charges the defendants with multiple racketeering offenses in connection with six murders, two attempted murders, a kidnapping conspiracy and narcotics distribution conspiracies, as well as related charges of murder, conspiracy to commit murder, attempted murder and assault in aid of racketeering, firearms offenses, and narcotics trafficking offenses. On July 14, 2020, the Court signed an order unsealing the Indictment, a

copy of which is attached hereto as Exhibit 1.  For the reasons set forth below, the government respectfully submits that permanent orders of detention should be entered for each of the above named defendants charged in the Indictment. [1]

## I.    Summary of Charges

The Indictment charges racketeering offenses in connection with the following criminal activity: (1) the April 29, 2016 murder of Oscar Acosta; (2) the May 21, 2016 murder of Kerin Pineda; (3) the July 18, 2016 attempted murder and assault with dangerous weapons of two victims identified as John Doe #1 and John Doe #2; (4) the September 4, 2016 murder of Josue Amaya-Leonor; (5) the October 10, 2016 murder of Javier Castillo; (6) the October 14, 2016 murder of Carlos Ventura-Zelaya; (7) the July 21, 2017 murder of Angel Soler; (8) the August 2017 conspiracy to kidnap a victim identified as John Doe #3; (9) a conspiracy to distribute marijuana that took place between January 2016 to the present; and (10) a conspiracy to distribute cocaine and marijuana that took place between April 2016 and October 2017.  The Indictment further adds violent crimes in aid of racketeering, accessory after the fact, narcotics trafficking offenses and related firearms offenses, charged in connection with the aforementioned racketeering offenses.

Specifically, the Indictment charges Torres in connection with his leadership role in the April 29, 2016 murder of 19-year old Acosta, who was suspected of associating himself with the MS-13's principal rival on Long Island, the 18th Street gang, and who, therefore, was marked for death by the MS-13.  Prior to the murder, members of the Sailors clique, led by Torres – the leader of the Sailors clique for all of New York – held a meeting during which the issue of Acosta was discussed.  The MS-13 members, including Torres and members of the Sailors clique in Brentwood, agreed that Acosta should be killed.  Torres, in fact, ordered the "greenlight" (i.e., authorization to be killed) for Acosta, and assigned roles as to which MS-13 members would take the lead in planning and carrying out the murder.  On April 29, 2016, MS-13 members encountered Acosta in a wooded area near an elementary school in Brentwood, where he was lured under the guise of smoking marijuana.  The MS-13 members there brutally beat Acosta with tree limbs, knocking him unconscious.  Thereafter, they tied Acosta's hands and feet, and called the local clique leader in Brentwood, who arrived with other gang members.  The group loaded Acosta into the trunk of a car and drove to a more secluded area in Brentwood behind a warehouse and near an abandoned psychiatric hospital.  They took Acosta, who was still alive, out of the car and carried him into the woods where

---

[1]    Torres is currently charged with racketeering and other related offenses, in the matter captioned United States v. Contreras, et al., 16-CR-403 (S-7)(JFB).  The Court issued a permanent order of detention at the time of his arraignment on those charges, and he remains in federal custody.  Additionally, as of the date of this writing, Guevara-Castro remains at large.

they stabbed and slashed him to death with a machete.  The MS-13 members buried Acosta's body in a shallow grave, which was discovered many months later, in September 2016.[2]

Gonzalez, Guevara-Castro, Lopez-Morales, Morales-Lopez, Sosa-Guevara, Torres, and both of the juvenile defendants have been charged with the May 21, 2016 murder of 20-year old Pineda.  The MS-13 murdered Pineda because they suspected that he was a member of the rival gang 18th Street.  Prior to the murder, Torres was provided with information from other MS-13 members that appeared to show that Pineda was affiliated with the rival gang.  In response, Torres ordered a "greenlight" for Pineda.  Thereafter, MS-13 members of the Sailors clique joined with MS-13 members of the Hollywood clique, and devised a plan to kill Pineda.[3]  On May 21, 2016, MS-13 members, armed with machetes, lured Pineda to a secluded wooded area near the Merrick-Freeport border, in Nassau County, New York.  Torres, Lopez-Morales, and Sosa-Guevara – who was the leader of the Hollywood clique for Long Island – acted as lookouts for police and stayed in contact with the MS-13 members in the woods, while they waited for the victim to arrive.  When Pineda arrived in the woods, he was surrounded and violently attacked by the MS-13 members, including both of the separately-charged juveniles, who all took turns hacking and slashing him with the machetes.  Pineda's body was then buried in a hole that had been dug in the ground the day before, in anticipation of the murder.  Before leaving the scene, the MS-13 members contacted the lookouts – Torres, Lopez-Morales, and Sosa-Guevara – who advised them that they could safely come out of the woods and drove them away from the scene.

Additionally, Hollywood clique members Alfaro,[4] Blanco, Gonzalez, Lopez-Morales, and one of the juvenile defendants, have been charged for their roles in the murder of 19-year old Amaya-Leonor on September 4, 2016.  Like Pineda, Amaya-Leonor was lured to a secluded wooded area and killed because of his perceived association with the 18th Street gang.  On the evening of the murder, MS-13 members convinced Amaya-Leonor to venture deep into the Roosevelt Preserve, in Roosevelt, New York, to smoke marijuana.  Once there, Amaya-Leonor was surrounded by the MS-13 members – including one of the charged juveniles – who were armed with machetes, struck repeatedly, and killed.  Thereafter, the MS-

---

[2]    The other MS-13 members who participated in the Acosta murder are currently charged in Contreras, supra.

[3]    In 2016 and 2017, the Sailors and Hollywood cliques, both of whom had a significant presence in the Roosevelt and Freeport areas of Long Island, jointly committed numerous violent crimes, including the Pineda murder, as well as several other murders and attempted murders charged in the Indictment and outlined herein.

[4]    On February 18, 2020, Alfaro was arrested by the Nassau County Police Department ("NCPD") and later charged by the Nassau County District Attorney's Office ("NCDAO") with the murders of Amaya-Leonor and Ventura-Zelaya.  He is currently in state custody in connection with the aforementioned charges, which are pending.

13 members dug a hole and buried Amaya-Leonor's body, which was not found until May 2018 – over a year and a half after the murder had occurred.

Torres and one of the juvenile defendants are charged in connection with the murder of 15-year old Javier Castillo on October 10, 2016. Consistent with the vicious and dehumanizing pattern of violence detailed above, Castillo was also taken to a secluded location where he was brutally murdered because the gang suspected him of associating with the 18th Street gang. Members of the Sailors clique in Brentwood convinced Castillo, who lived in Central Islip, to go with them to Freeport, New York – approximately 30 miles away – to smoke marijuana. As the New York leader of the Sailors clique, Torres authorized the members of the clique operating in Brentwood to bring Castillo to his territory in Freeport to be killed. They took Castillo to Cow Meadow Park, in Freeport. The MS-13 members brought Castillo to an isolated marsh area along the water, where they attacked and killed Castillo, taking turns hacking him with a machete. Torres acted as lookout for police in the area during the murder. Thereafter, the MS-13 members dug a hole and buried Castillo's body, which was not recovered until one year later, in October 2017.

Further, the Indictment charges Alfaro with the October 14, 2016 murder of 24-year old Ventura-Zelaya, in Roosevelt. Ventura-Zelaya had been marked for death by the MS-13 because of his suspected membership in the rival 18th Street gang. On the night of the murder, Alfaro and other MS-13 members, who were driving in a car en route to Maryland, spotted Ventura-Zelaya on the street in Roosevelt. Alfaro, who was armed with a 9mm handgun, got out of the car, approached Ventura-Zelaya, and fired all nine rounds from the gun, striking and killing Ventura-Zelaya.

The racketeering charges against Hollywood clique members Lopez-Morales and Sosa-Guevara include the July 21, 2017 murder of 15-year old Soler; and an August 2017 conspiracy to kidnap a victim identified in the Indictment as John Doe #3.[5] Soler was a suspected 18th Street gang member, and Sosa-Guevara, who was the leader of the Hollywood clique, ordered his murder. Lopez-Morales and other MS-13 members carried out the murder, luring Soler to wooded lot near Milburn Creek in Roosevelt to smoke marijuana. The group attacked Soler with machetes and a pickaxe, and buried his body in a shallow grave. The following day, MS-13 members went back to lay cement over Soler's body, in order to better conceal it.

Just weeks after the Soler murder, Lopez-Morales and Sosa-Guevara planned the kidnapping, assault, and/or murder of John Doe #3, an MS-13 member who had violated the rules of the gang. Specifically, Sosa-Guevara assigned Lopez-Morales and two other MS-13 members to carry out the attack. Lopez-Morales was instructed that, once they had John

---

[5]    Lopez-Morales and Sosa-Guevara both pleaded guilty in state court to the murder of Soler, as well as to conspiracy charges related to the planned attack on John Doe #3, and were sentenced to indeterminate sentences of 24 years' to life imprisonment, and 23 years' to life imprisonment, respectively.

Doe #3, to wait for further guidance on whether to kill or brutally assault him. On August 6, 2017, Lopez-Morales and the other gang members' plan to kidnap John Doe #3 was foiled by law enforcement, who had been intercepting the calls arranging the attack, pursuant to court-ordered wiretaps of certain MS-13 members' cell phones,[6] and Lopez-Morales was taken into custody.

The Indictment further charges Hollywood clique members Alfaro and Gonzalez with viciously attacking a group of males who were gathered in front of a house in Brentwood on July 18, 2016.[7] That night, the MS-13 members agreed to drive around the area "hunting" for rival gang members to kill. Four of the gang members, including Alfaro, were selected to go out, armed with two handguns and a machete. Gonzalez lent his car to the others for the hunt. While driving around Brentwood that night, the MS-13 members spotted a group of males who they believed were members of the Bloods street gang. Alfaro and two other MS-13 members got out of the car, concealed their faces with bandanas, ran over to the group and attacked. One victim, identified in the Indictment as John Doe #1, was shot in the leg, but was able to flee to safety. Another victim, identified in the Indictment as John Doe #2, attempted to run away but stumbled, fell to the ground, and was quickly overcome by the MS-13 members. In addition to shooting John Doe #2, Alfaro and the other MS-13 members took turns hacking at him with machetes in the head, face, and arms, before running back to the car and being driven away from the scene. John Doe #2 sustained horrific, disfiguring injuries, but, miraculously, survived the attack.

Finally, the Indictment charges members of the Sailors clique with conspiring to distribute cocaine and marijuana; and members of the Hollywood clique with conspiring to distribute marijuana. These charges stem from the MS-13 cliques' street-level sales of cocaine and marijuana on Long Island, the proceeds of which were used to help finance the MS-13's criminal operations.

Additionally, on July 14, 2020, when Blanco and Gonzalez were arrested at their residences in Salisbury and Charlotte, North Carolina, respectively, investigators seized machetes, firearms, ammunition, narcotics and MS-13 related paraphernalia. Photographs of certain of the evidence recovered during the aforementioned searches are attached hereto as Exhibits 2-4.

As a result of the foregoing charges, all of the defendants face up to life imprisonment. Additionally, because each of the defendants is charged with, inter alia, one or

---

[6]     The intercepted calls were obtained in connection with a joint investigation conducted by the U.S. Drug Enforcement Administration ("DEA"), the NCPD, and the NCDAO.

[7]     Several members of the Sailors clique also participated in the July 18, 2016 attempted murders of John Doe #1 and John Doe #2, and were previously charged with racketeering and other related offenses in connection with this and other crimes. See Contreras, supra.

more counts of murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1), each faces mandatory life in prison, or the possibility of the death penalty, if convicted at trial.

## II.     Detention is Warranted for All Defendants

Under the Bail Reform Act, Title 18, United States Code, Sections 3141 et seq., federal courts are empowered to order a defendant's detention pending trial upon a determination that the defendant is either a danger to the community or a risk of flight. See 18 U.S.C. § 3142(e)(1) ("no condition or combination of conditions would reasonably assure the appearance of the person as required and the safety of any other person and the community"). The Bail Reform Act lists four factors to be considered in the detention analysis: (1) the nature and circumstances of the crimes charged; (2) the history and characteristics of the defendant; (3) the seriousness of the danger posed by the defendant's release; and (4) the evidence of the defendant's guilt. 18 U.S.C. § 3142(g). These factors all warrant detention of the defendants.

The serious nature and circumstances of the charged offenses – murders, assaults with dangerous weapons, and related conspiracy charges – is self-evident. The pattern of brutality outlined above demonstrates the blood-lust that is a hallmark of the MS-13, and its members' commitment to not only kill, but to torture and terrify its victims in the process. Indeed, the forensic analyses of the bodies of Pineda, Amaya-Leonor, Castillo, and Soler – all of whom were murdered with machetes – revealed dozens of slice marks and other severe damage to their bones, most of which were localized to the head, neck and upper torso areas. Amaya-Leonor's head was detached from his body. Ventura-Zelaya, the only shooting victim in the Indictment, was shot eight times, further demonstrating the gang's collective appetite for violence and mayhem. The exceedingly violent nature of these murders exemplifies the twisted and homicidal culture of the gang, and the undisputable danger that these defendants pose to the community.

Further, the defendants are all members of the MS-13, an international criminal enterprise comprised primarily of immigrants from Central America, with members located throughout Long Island and Queens, New York, as well as across the United States and in Central America. The defendants' membership in the MS-13 will be demonstrated by overwhelming evidence, including, without limitation, the defendants' self-admissions and the testimony of numerous former members of the MS-13. Additionally, as stated above, Torres and Sosa-Guevara, as leaders of their respective cliques, have perpetuated the relentless culture of violence that the MS-13 has inflicted on the people living in their communities.

The defendants' membership in the MS-13 is an aggravating factor with respect to the first three factors of § 3142(g), because it makes the nature of the crimes and the defendants' characteristics more serious, and elevates the danger the defendants would pose to others if they were released. Members and associates of the MS-13 have engaged in numerous acts of violence in this district, and others, including murders, attempted murders, robberies, assaults, witness tampering, and witness retaliation. Specifically, over the past several years, investigations by the Federal Bureau of Investigation ("FBI") Long Island Gang Task Force ("LIGTF") have established that the MS-13 is responsible for countless shootings, stabbings, machete attacks, and violent beatings, levied against rival gang members, or those believed to

be rival gang members, including the Bloods, the Latin Kings, Salvadorans With Pride ("SWP") and, of course, the 18th Street gang. Additionally, the MS-13 has also directed violence against its own members, who violate the gang's rules by, among other things, cooperating with law enforcement authorities.

Other than Morales-Lopez, who is a United States citizen, the remaining defendants are all citizens of El Salvador and have no legal status in the United States. Guevara-Castro was removed to El Salvador in January 2018, following an arrest in Baltimore, Maryland, and is believed to still be living there. The government is actively seeking his arrest and subsequent extradition. Accordingly, for those defendants who are in the United States illegally, the fact that they will almost certainly face removal from this country if convicted of any of the charges in this case, further heightens their risk of flight.

Still further, the government's evidence against the defendants is overwhelming and includes, without limitation: (1) testimony of eyewitnesses and the few surviving victims of the defendants' crimes; (2) the testimony of numerous cooperating defendants, who are former members of the MS-13, have pled guilty to their crimes, including racketeering, murder, attempted murder, assault and narcotics trafficking, in connection with their own membership in the MS-13, and who have provided a wealth of information regarding the defendants' participation in the charged offenses and other violent crimes on behalf of the MS-13; (3) recorded or intercepted phone calls; (4) photographs, text messages and other materials recovered from the cellular telephones of defendants and cooperating defendants, further establishing the defendants' membership in the MS-13 and participation in the charged crimes; (6) crime-scene and autopsy evidence; (7) ballistics evidence; (8) video surveillance; and (9) cellular telephone toll and cellsite records. In light of the strength of the evidence in this case, and the substantial terms of incarceration the defendants face (as noted above), the defendants pose a serious risk of flight, because there is a strong incentive for them to flee rather than be convicted of these crimes. This risk is substantially increased by the fact that the MS-13, a transnational criminal enterprise with chapters throughout the United States and Central America, and international headquarters in El Salvador, frequently assists its members in relocating in order to evade capture and prosecution. Thus, if these defendants were to be released, there is a significant risk of flight, in addition to the obvious danger they would present to the community.

## III.   **Conclusion**

Based on the factors set forth in Sections 3142(e) and (g), including the serious nature of the charges and the defendants' membership in the MS-13, the government respectfully submits that each of the defendants charged in the Indictment presents both a danger to the community and a risk of flight. Thus, the government respectfully requests that the Court enter permanent orders of detention for Alfaro, Blanco, Gonzalez, Lopez-Morales,

Morales-Lopez, and Sosa-Guevara, and continue the permanent order of detention previously entered for Torres.

Respectfully submitted,

SETH D. DUCHARME
Acting United States Attorney

By:    /s/ Paul G. Scotti
                    Paul G. Scotti
                    Justina L. Geraci
                    Assistant U.S. Attorneys
                    (631) 715-7836/7835

Exhibits 1-4

cc:    Clerk of the Court (JFB) (By ECF)

# EXHIBIT 1

JJD:PGS/JLG
F. #2020R00559

RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 09 2020 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – X

UNITED STATES OF AMERICA

    - against -

CARLOS ALFARO,
    also known as "Russo,"
JOSE MOISES BLANCO,
    also known as "Cuervo,"
OSEAS GONZALEZ,
    also known as "Manota" and "Cordero,"
JOSE JONATHAN GUEVARA-CASTRO,
    also known as "Suspechoso,"
VICTOR LOPEZ-MORALES,
    also known as "Persa,"
EVER MORALES-LOPEZ,
    also known as "Kien," "Inke" and
    "White Boy,"
DAVID SOSA-GUEVARA,
    also known as "Risky," and
KEVIN TORRES,
    also known as "Inquieto" and "Quieto,"

           Defendants.

– – – – – – – – – – – – – – – – – – X

I N D I C T M E N T

Cr. No.
(T. 18, U.S.C., §§ 924(c)(1)(A)(i),
    924(c)(1)(A)(ii), 924(c)(1)(A)(iii),
    924(j)(1), 1959(a)(1), 1959(a)(3),
    1959(a)(5), 1962(c), 1962(d), 1963, 2, 3
    and 3551 et seq.; T. 21, U.S.C., §§ 846,
    841(b)(1)(C) and 841(b)(1)(D))

CR 20 251

AZRACK, J.

LOCKE, M. J.

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

### The Enterprise

1.    La Mara Salvatrucha, also known as the MS-13, (hereinafter the "MS-13" or the "enterprise") was a transnational criminal organization with members located

throughout Long Island, New York, Queens, New York and elsewhere. Members and associates of the MS-13 have engaged in acts of violence, including murder, attempted murder, robbery, kidnapping and assault, as well as other criminal activity, including narcotics trafficking, extortion, witness tampering and witness retaliation.

2.　　The defendants CARLOS ALFARO, also known as "Russo," JOSE MOISES BLANCO, also known as "Cuervo," OSEAS GONZALEZ, also known as "Manota" and "Cordero," JOSE JONATHAN GUEVARA-CASTRO, also known as "Suspechoso," VICTOR LOPEZ-MORALES, also known as "Persa," EVER MORALES-LOPEZ, also known as "Kien," "Inke" and "White Boy," DAVID SOSA-GUEVARA, also known as "Risky," and KEVIN TORRES, also known as "Quieto" and "Inquieto," were members and associates of the MS-13.

3.　　The MS-13, including its leadership, membership and associates, constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. The enterprise was engaged in, and its activities affected, interstate and foreign commerce.

<u>Purposes of the Enterprise</u>

4.　　The purposes of the enterprise included the following:

a.　　Promoting and enhancing the prestige, reputation and position of the enterprise with respect to rival criminal organizations.

b.        Preserving and protecting the power, territory and criminal

ventures of the enterprise through the use of intimidation, threats of violence and acts of

violence, including assault and murder.

c.        Keeping victims and rivals in fear of the enterprise and its

members and associates.

d.        Enriching the members and associates of the enterprise through

criminal activity, including robbery, extortion and narcotics trafficking.

e.        Ensuring discipline within the enterprise and compliance with

the enterprise's rules by members and associates through threats of violence and acts of

violence.

<u>Means and Methods of the Enterprise</u>

5.        Among the means and methods by which the defendants and their

associates conducted and participated in the conduct of the affairs of the enterprise were the

following:

a.        Members of the MS-13 and their associates committed,

attempted to commit and threatened to commit acts of violence, including murder, attempted

murder, robbery, kidnapping and assault, to enhance the enterprise's prestige and protect and

expand the enterprise's criminal operations.

b.        Members of the MS-13 and their associates used and threatened

to use physical violence against various individuals, including members of rival criminal

organizations and MS-13 members who violated the enterprise's rules.

       c.      Members of the MS-13 and their associates used, attempted to use and conspired to use robbery, extortion and narcotics trafficking as means of obtaining money.

COUNT ONE
(Racketeering)

      6.      The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

      7.      On or about and between January 1, 2015 and the date of this Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants CARLOS ALFARO, also known as "Russo," JOSE MOISES BLANCO, also known as "Cuervo," OSEAS GONZALEZ, also known as "Manota" and "Cordero," JOSE JONATHAN GUEVARA-CASTRO, also known as "Suspechoso," VICTOR LOPEZ-MORALES, also known as "Persa," EVER MORALES-LOPEZ, also known as "Kien," "Inke" and "White Boy," DAVID SOSA-GUEVARA, also known as "Risky," and KEVIN TORRES, also known as "Quieto" and "Inquieto," together with others, being persons employed by and associated with the MS-13, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conduct and participate, directly and indirectly, in the conduct of the affairs of the MS-13 through a pattern of racketeering activity, as defined by Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of the racketeering acts set forth below.

4

RACKETEERING ACT ONE
(Conspiracy to Murder Oscar Acosta and Murder of Oscar Acosta)

8.    The defendant KEVIN TORRES, together with others, committed the following acts, either one of which alone constitutes Racketeering Act One:

A.    Conspiracy to Murder Oscar Acosta

9.    In or about April 2016, within the Eastern District of New York and elsewhere, the defendant KEVIN TORRES, together with others, did knowingly and intentionally conspire to cause the death of Oscar Acosta, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.    Murder of Oscar Acosta

10.    On or about April 29, 2016, within the Eastern District of New York and elsewhere, the defendant KEVIN TORRES, together with others, with intent to cause the death of another person, to wit: Oscar Acosta, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

RACKETEERING ACT TWO
(Conspiracy to Murder Kerin Pineda and Murder of Kerin Pineda)

11.    The defendants OSEAS GONZALEZ, JOSE JONATHAN GUEVARA-CASTRO, VICTOR LOPEZ-MORALES, EVER MORALES-LOPEZ, DAVID SOSA-GUEVARA and KEVIN TORRES, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Two:

A.    Conspiracy to Murder Kerin Pineda

12.    In or about and between April 2016 and May 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the

5

defendants OSEAS GONZALEZ, JOSE JONATHAN GUEVARA-CASTRO, VICTOR

LOPEZ-MORALES, EVER MORALES-LOPEZ, DAVID SOSA-GUEVARA and KEVIN

TORRES, together with others, did knowingly and intentionally conspire to cause the death

of Kerin Pineda, in violation of New York Penal Law Sections 125.25(1) and 105.15.

     B.    <u>Murder of Kerin Pineda</u>

     13.    On or about May 21, 2016, within the Eastern District of New York

and elsewhere, the defendants OSEAS GONZALEZ, JOSE JONATHAN GUEVARA-

CASTRO, VICTOR LOPEZ-MORALES, EVER MORALES-LOPEZ, DAVID SOSA-

GUEVARA and KEVIN TORRES, together with others, with intent to cause the death of

another person, to wit: Kerin Pineda, did knowingly and intentionally cause his death, in

violation of New York Penal Law Sections 125.25(1) and 20.00.

RACKETEERING ACT THREE
(Conspiracy to Murder Rival Gang Members and
Attempted Murders of John Doe #1 and John Doe #2)

     14.    The defendants CARLOS ALFARO and OSEAS GONZALEZ,

together with others, committed the following acts, any one of which alone constitutes

Racketeering Act Three:

     A.    <u>Conspiracy to Murder</u>

     15.    In or about July 2016, within the Eastern District of New York and

elsewhere, the defendants CARLOS ALFARO and OSEAS GONZALEZ, together with

others, did knowingly and intentionally conspire to cause the death of rival gang members, in

violation of New York Penal Law Sections 125.25(1) and 105.15.

B.     Attempted Murder of John Doe #1

16.    On or about July 18, 2016, within the Eastern District of New York, the defendants CARLOS ALFARO and OSEAS GONZALEZ, together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe #1, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

C.     Attempted Murder of John Doe #2

17.    On or about July 18, 2016, within the Eastern District of New York, the defendants CARLOS ALFARO and OSEAS GONZALEZ, together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe #2, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

RACKETEERING ACT FOUR
(Conspiracy to Murder Josue Amaya-Leonor and Murder of Josue Amaya-Leonor)

18.    The defendants CARLOS ALFARO, JOSE MOISES BLANCO, OSEAS GONZALEZ and VICTOR LOPEZ-MORALES, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Four:

A.     Conspiracy to Murder Josue Amaya-Leonor

19.    In or about and between August 2016 and September 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants CARLOS ALFARO, JOSE MOISES BLANCO, OSEAS GONZALEZ and VICTOR LOPEZ-MORALES, together with others, did knowingly and intentionally

conspire to cause the death of Josue Amaya-Leonor, in violation of New York Penal Law Sections 125.25(1) and 105.15.

    B.    Murder of Josue Amaya-Leonor

    20.    On or about September 4, 2016, within the Eastern District of New York and elsewhere, the defendants CARLOS ALFARO, JOSE MOISES BLANCO, OSEAS GONZALEZ and VICTOR LOPEZ-MORALES, together with others, with intent to cause the death of another person, to wit: Josue Amaya-Leonor, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

RACKETEERING ACT FIVE
(Conspiracy to Murder Javier Castillo and Murder of Javier Castillo)

    21.    The defendant KEVIN TORRES, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Five:

    A.    Conspiracy to Murder Javier Castillo

    22.    In or about October 2016, within the Eastern District of New York and elsewhere, the defendant KEVIN TORRES, together with others, did knowingly and intentionally conspire to cause the death of Javier Castillo, in violation of New York Penal Law Sections 125.25(1) and 105.15.

    B.    Murder of Javier Castillo

    23.    On or about October 10, 2016, within the Eastern District of New York and elsewhere, the defendant KEVIN TORRES, together with others, with intent to cause the death of another person, to wit: Javier Castillo, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

RACKETEERING ACT SIX
(Conspiracy to Murder Carlos Ventura-Zelaya and Murder of Carlos Ventura-Zelaya)

24.    The defendant CARLOS ALFARO, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Six:

A.    Conspiracy to Murder Carlos Ventura-Zelaya

25.    In or about and between September 2016 and October 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CARLOS ALFARO, together with others, did knowingly and intentionally conspire to cause the death of Carlos Ventura-Zelaya, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.    Murder of Carlos Ventura-Zelaya

26.    On or about October 14, 2016, within the Eastern District of New York and elsewhere, the defendant CARLOS ALFARO, together with others, with intent to cause the death of another person, to wit: Carlos Ventura-Zelaya, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

RACKETEERING ACT SEVEN
(Conspiracy to Murder Angel Soler and Murder of Angel Soler)

27.    The defendants VICTOR LOPEZ-MORALES and DAVID SOSA-GUEVARA, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Seven:

A.    Conspiracy to Murder Angel Soler

28.    In or about July 2017, within the Eastern District of New York and elsewhere, the defendants VICTOR LOPEZ-MORALES and DAVID SOSA-GUEVARA,

together with others, did knowingly and intentionally conspire to cause the death of Angel

Soler, in violation of New York Penal Law Sections 125.25(1) and 105.15.

     B.    <u>Murder of Angel Soler</u>

       29.    On or about July 21, 2017, within the Eastern District of New York, the

defendants VICTOR LOPEZ-MORALES and DAVID SOSA-GUEVARA, together with

others, with intent to cause the death of another person, to wit: Angel Soler, did knowingly

and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1)

and 20.00.

<u>RACKETEERING ACT EIGHT</u>
(Kidnapping Conspiracy)

       30.    In or about August 2017, within the Eastern District of New York and

elsewhere, the defendants VICTOR LOPEZ-MORALES and DAVID SOSA-GUEVARA,

together with others, did knowingly and intentionally conspire to kidnap John Doe #3, an

individual whose identity is known to the Grand Jury, in violation of New York Penal Law

Sections 135.20 and 105.15.

<u>RACKETEERING ACT NINE</u>
(Conspiracy to Distribute Marijuana)

       31.    In or about and between January 2016 and the date of this Indictment,

both dates being approximate and inclusive, within the Eastern District of New York and

elsewhere, the defendants CARLOS ALFARO, JOSE MOISES BLANCO, OSEAS

GONZALEZ, JOSE JONATHAN GUEVARA-CASTRO, VICTOR LOPEZ-MORALES

and DAVID SOSA-GUEVARA, together with others, did knowingly and intentionally

conspire to distribute and possess with intent to distribute a controlled substance, which

10

offense involved a substance containing marijuana, a Schedule I controlled substance, for

remuneration, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(D).

RACKETEERING ACT TEN
(Conspiracy to Distribute Cocaine and Marijuana)

32.    In or about and between April 2016 and October 2017, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants EVER MORALES-LOPEZ and KEVIN TORRES, together with others, did

knowingly and intentionally conspire to distribute and possess with intent to distribute one or

more controlled substances, which offense involved (a) a substance containing cocaine, a

Schedule II controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1)

and 841(b)(1)(C); and (b) a substance containing marijuana, a Schedule I controlled

substance, for remuneration, in violation of Title 21, United States Code, Sections 846 and

841(b)(1)(D).

(Title 18, United States Code, Sections 1962(c), 1963 and 3551 et seq.)

COUNT TWO
(Racketeering Conspiracy)

33.    The allegations contained in paragraphs one through five are realleged

and incorporated as if fully set forth in this paragraph.

34.    On or about and between January 1, 2015 and the date of this

Indictment, both dates being approximate and inclusive, within the Eastern District of New

York and elsewhere, the defendants CARLOS ALFARO, also known as "Russo," JOSE

MOISES BLANCO, also known as "Cuervo," OSEAS GONZALEZ, also known as

"Manota" and "Cordero," JOSE JONATHAN GUEVARA-CASTRO, also known as

"Suspechoso," VICTOR LOPEZ-MORALES, also known as "Persa," EVER MORALES-

11

LOPEZ, also known as "Kien," "Inke" and "White Boy," DAVID SOSA-GUEVARA, also known as "Risky," and KEVIN TORRES, also known as "Quieto" and "Inquieto," together with others, being persons employed by and associated with the MS-13, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the MS-13 through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5).

35.    The pattern of racketeering activity through which the defendants CARLOS ALFARO, JOSE MOISES BLANCO, OSEAS GONZALEZ, JOSE JONATHAN GUEVARA-CASTRO, VICTOR LOPEZ-MORALES, EVER MORALES-LOPEZ, DAVID SOSA-GUEVARA and KEVIN TORRES, together with others, agreed to conduct and participate in the conduct of the affairs of the MS-13 consisted of the racketeering acts set forth in paragraphs eight through thirty-two of Count One of this Indictment, as Racketeering Acts One through Ten, which are realleged and incorporated as if fully set forth in this paragraph.  Each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

(Title 18, United States Code, Sections 1962(d), 1963 and 3551 et seq.)

## COUNT THREE
(Conspiracy to Murder Oscar Acosta)

36.    At all times relevant to this Indictment, the MS-13, as more fully described in paragraphs one through five, which are realleged and incorporated as if fully set forth in this paragraph, including its leadership, membership and associates, constituted an

"enterprise" as defined in Section 1959(b)(2) of Title 18, United States Code, that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

37.    At all times relevant to this Indictment, the MS-13, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, acts and threats involving murder, extortion and robbery, that are chargeable under New York Penal Law and punishable by imprisonment for more than one year, acts indictable under Title 18, United States Code, Sections 1512 (relating to tampering with a witness, victim or informant) and 1513 (relating to retaliating against a witness, victim or informant), and offenses involving narcotics trafficking, punishable under Title 21, United States Code, Sections 841 and 846.

38.    In or about and between March 2016 and April 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant KEVIN TORRES, also known as "Quieto" and "Inquieto," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder Oscar Acosta, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

COUNT FOUR
(Murder of Oscar Acosta)

39.    The allegations contained in paragraphs one through five, 36 and 37 are

realleged and incorporated as if fully set forth in this paragraph.

40.    On or about April 29, 2016, within the Eastern District of New York

and elsewhere, the defendant KEVIN TORRES, also known as "Quieto" and "Inquieto,"

together with others, for the purpose of gaining entrance to and maintaining and increasing

position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and

intentionally murder Oscar Acosta, in violation of New York Penal Law Sections 125.25(1)

and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

COUNT FIVE
(Conspiracy to Murder Kerin Pineda)

41.    The allegations contained in paragraphs one through five, 36 and 37 are

realleged and incorporated as if fully set forth in this paragraph.

42.    In or about and between April 2016 and May 2016, within the Eastern

District of New York and elsewhere, the defendants OSEAS GONZALEZ, also known as

"Manota" and "Cordero," JOSE JONATHAN GUEVARA-CASTRO, also known as

"Suspechoso," VICTOR LOPEZ-MORALES, also known as "Persa," EVER MORALES-

LOPEZ, also known as "Kien," "Inke" and "White Boy," DAVID SOSA-GUEVARA, also

known as "Risky," and KEVIN TORRES, also known as "Quieto" and "Inquieto," together

with others, for the purpose of gaining entrance to and maintaining and increasing position in

the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally

conspire to murder Kerin Pineda, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

### COUNT SIX
(Murder of Kerin Pineda)

43.    The allegations contained in paragraphs one through five, 36 and 37 are realleged and incorporated as if fully set forth in this paragraph.

44.    On or about May 21, 2016, within the Eastern District of New York and elsewhere, the defendants OSEAS GONZALEZ, also known as "Manota" and "Cordero," JOSE JONATHAN GUEVARA-CASTRO, also known as "Suspechoso," VICTOR LOPEZ-MORALES, also known as "Persa," EVER MORALES-LOPEZ, also known as "Kien," "Inke" and "White Boy," DAVID SOSA-GUEVARA, also known as "Risky," and KEVIN TORRES, also known as "Quieto" and "Inquieto," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Kerin Pineda, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

### COUNT SEVEN
(Conspiracy to Murder Rival Gang Members)

45.    The allegations contained in paragraphs one through five, 36 and 37 are realleged and incorporated as if fully set forth in this paragraph.

46.    In or about July 2016, within the Eastern District of New York and elsewhere, the defendants CARLOS ALFARO, also known as "Russo," and OSEAS

GONZALEZ, also known as "Manota" and "Cordero," together with others, for the purpose

of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise

engaged in racketeering activity, did knowingly and intentionally conspire to murder one or

more rival gang members, in violation of New York Penal Law Sections 125.25(1) and

105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

### COUNT EIGHT
(Attempted Murder of John Doe #1)

47.    The allegations contained in paragraphs one through five, 36 and 37 are

realleged and incorporated as if fully set forth in this paragraph.

48.    On or about July 18, 2016, within the Eastern District of New York, the

defendants CARLOS ALFARO, also known as "Russo," and OSEAS GONZALEZ, also

known as "Manota" and "Cordero," together with others, for the purpose of gaining entrance

to and maintaining and increasing position in the MS-13, an enterprise engaged in

racketeering activity, did knowingly and intentionally attempt to murder John Doe #1, in

violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

### COUNT NINE
(Assault of John Doe #1 with Dangerous Weapons)

49.    The allegations contained in paragraphs one through five, 36 and 37 are

realleged and incorporated as if fully set forth in this paragraph.

50.    On or about July 18, 2016, within the Eastern District of New York, the

defendants CARLOS ALFARO, also known as "Russo," and OSEAS GONZALEZ, also

known as "Manota" and "Cordero," together with others, for the purpose of gaining entrance

to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #1 with one or more dangerous weapons, to wit: one or more firearms and a machete, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

COUNT TEN
(Brandishing and Discharge of Firearms During Crimes of Violence:
Attempted Murder and Assault of John Doe #1)

51.    The allegations contained in paragraphs one through five, 36 and 37 are realleged and incorporated as if fully set forth in this paragraph.

52.    On or about July 18, 2016, within the Eastern District of New York, the defendants CARLOS ALFARO, also known as "Russo," and OSEAS GONZALEZ, also known as "Manota" and "Cordero," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts One, Eight and Nine, and did knowingly and intentionally possess one or more firearms in furtherance of such crimes of violence, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

COUNT ELEVEN
(Attempted Murder of John Doe #2)

53.    The allegations contained in paragraphs one through five, 36 and 37 are realleged and incorporated as if fully set forth in this paragraph.

54.    On or about July 18, 2016, within the Eastern District of New York, the defendants CARLOS ALFARO, also known as "Russo," and OSEAS GONZALEZ, also known as "Manota" and "Cordero," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder John Doe #2, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

<u>COUNT TWELVE</u>
(Assault of John Doe #2 with Dangerous Weapons)

55.    The allegations contained in paragraphs one through five, 36 and 37 are realleged and incorporated as if fully set forth in this paragraph.

56.    On or about July 18, 2016, within the Eastern District of New York, the defendants CARLOS ALFARO, also known as "Russo," and OSEAS GONZALEZ, also known as "Manota" and "Cordero," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #2 with one or more dangerous weapons, to wit: one or more firearms and a machete, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

<u>COUNT THIRTEEN</u>
(Brandishing and Discharge of Firearms During Crimes of Violence:
Attempted Murder and Assault of John Doe #2)

57.    The allegations contained in paragraphs one through five, 36 and 37 are realleged and incorporated as if fully set forth in this paragraph.

58.    On or about July 18, 2016, within the Eastern District of New York, the defendants CARLOS ALFARO, also known as "Russo," and OSEAS GONZALEZ, also known as "Manota" and "Cordero," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts One, Eleven and Twelve, and did knowingly and intentionally possess one or more firearms in furtherance of such crimes of violence, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

COUNT FOURTEEN
(Conspiracy to Murder Josue Amaya-Leonor)

59.    The allegations contained in paragraphs one through five, 36 and 37 are realleged and incorporated as if fully set forth in this paragraph.

60.    In or about and between August 2016 and September 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants CARLOS ALFARO, also known as "Russo," JOSE MOISES BLANCO, also known as "Cuervo," OSEAS GONZALEZ, also known as "Manota" and "Cordero," and VICTOR LOPEZ-MORALES, also known as "Persa," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder Josue Amaya-Leonor, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

<u>COUNT FIFTEEN</u>
(Murder of Josue Amaya-Leonor)

61.     The allegations contained in paragraphs one through five, 36 and 37 are realleged and incorporated as if fully set forth in this paragraph.

62.     On or about September 4, 2016, within the Eastern District of New York and elsewhere, the defendants CARLOS ALFARO, also known as "Russo," JOSE MOISES BLANCO, also known as "Cuervo," OSEAS GONZALEZ, also known as "Manota" and "Cordero," and VICTOR LOPEZ-MORALES, also known as "Persa," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Josue Amaya-Leonor, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 <u>et seq.</u>)

<u>COUNT SIXTEEN</u>
(Accessory After the Fact)

63.     On or about September 4, 2016, within the Eastern District of New York and elsewhere, the defendants JOSE MOISES BLANCO, also known as "Cuervo," and VICTOR LOPEZ-MORALES, also known as "Persa," knowing that one or more offenses against the United States had been committed, to wit: the offenses charged in Counts Fourteen and Fifteen, did knowingly and intentionally receive and assist one or more offenders, in order to hinder and prevent the offenders' apprehension, trial and punishment.

(Title 18, United States Code, Sections 3 and 3551 <u>et seq.</u>)

COUNT SEVENTEEN
(Conspiracy to Murder Javier Castillo)

64.     The allegations contained in paragraphs one through five, 36 and 37 are realleged and incorporated as if fully set forth in this paragraph.

65.     In or about October 2016, within the Eastern District of New York and elsewhere, the defendant KEVIN TORRES, also known as "Quieto" and "Inquieto," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder Javier Castillo, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

COUNT EIGHTEEN
(Murder of Javier Castillo)

66.     The allegations contained in paragraphs one through five, 36 and 37 are realleged and incorporated as if fully set forth in this paragraph.

67.     On or about October 10, 2016, within the Eastern District of New York and elsewhere, the defendant KEVIN TORRES, also known as "Quieto" and "Inquieto," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Javier Castillo, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

COUNT NINETEEN
(Conspiracy to Murder Carlos Ventura-Zelaya)

68.    The allegations contained in paragraphs one through five, 36 and 37 are realleged and incorporated as if fully set forth in this paragraph.

69.    In or about and between September 2016 and October 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CARLOS ALFARO, also known as "Russo," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder Carlos Ventura-Zelaya, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

COUNT TWENTY
(Murder of Carlos Ventura-Zelaya)

70.    The allegations contained in paragraphs one through five, 36 and 37 are realleged and incorporated as if fully set forth in this paragraph.

71.    On or about October 14, 2016, within the Eastern District of New York and elsewhere, the defendant CARLOS ALFARO, also known as "Russo," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Carlos Ventura-Zelaya, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT TWENTY-ONE
(Brandishing and Discharge of a Firearm During Crimes of Violence:
Carlos Ventura-Zelaya Murder)

72.    The allegations contained in paragraphs one through five, 36 and 37 are realleged and incorporated as if fully set forth in this paragraph.

73.    On or about October 14, 2016, within the Eastern District of New York and elsewhere, the defendant CARLOS ALFARO, also known as "Russo," together with others, did knowingly and intentionally use and carry a firearm during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts One and Twenty, and did knowingly and intentionally possess a firearm in furtherance of such crimes of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT TWENTY-TWO
(Causing the Death of Carlos Ventura-Zelaya Through the Use of a Firearm)

74.    The allegations contained in paragraphs one through five, 36 and 37 are realleged and incorporated as if fully set forth in this paragraph.

75.    On or about October 14, 2016, within the Eastern District of New York and elsewhere, the defendant CARLOS ALFARO, also known as "Russo," together with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime charged in Count Twenty-One, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing was a murder as defined in Title 18, United States Code, Section 1111(a), in that the defendant, together with others, with

malice aforethought, did unlawfully kill Carlos Ventura-Zelaya willfully, deliberately, maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

## COUNT TWENTY-THREE
(Conspiracy to Distribute Marijuana)

76.     In or about and between January 2016 and the date of this Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants CARLOS ALFARO, also known as "Russo," JOSE MOISES BLANCO, also known as "Cuervo," OSEAS GONZALEZ, also known as "Manota" and "Cordero," JOSE JONATHAN GUEVARA-CASTRO, also known as "Suspechoso," VICTOR LOPEZ-MORALES, also known as "Persa," and DAVID SOSA-GUEVARA, also known as "Risky," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, for remuneration, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(D); Title 18, United States Code, Sections 3551 et seq.)

## COUNT TWENTY-FOUR
(Conspiracy to Distribute Cocaine and Marijuana)

77.     In or about and between April 2016 and October 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants EVER MORALES-LOPEZ, also known as "Kien," "Inke" and "White Boy," and KEVIN TORRES, also known as "Quieto" and "Inquieto," together with others, did

knowingly and intentionally conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved (a) a substance containing cocaine, a Schedule II controlled substance; and (b) a substance containing marijuana, a Schedule I controlled substance, for remuneration, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846, 841(b)(1)(C) and 841(b)(1)(D); Title 18, United States Code, Sections 3551 et seq.)

A TRUE BILL

_____
FOREPERSON

_____
RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. O.136

F.#: 2020R00559
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

*CARLOS ALFARO, JOSE MOISES BLANCO, OSEAS GONZALEZ, JOSE JONATHAN GUEVARA-CASTRO, VICTOR LOPEZ-MORALES, EVER MORALES-LOPEZ, DAVID SOSA-GUEVARA, and KEVIN TORRES,*

Defendants.

## INDICTMENT

(T. 18, U.S.C., §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(j)(1), 1959(a)(1), 1959(a)(3), 1959(a)(5), 1962(d), 1963, 2, 3 and 3551 et seq.; T. 21, U.S.C., §§ 846, 841(b)(1)(C) and 841(b)(1)(D))

*A true bill.*

_____
Foreperson

*Filed in open court this* _____ *day, of* _____ *A.D. 20* ___.

_____
Clerk

*Bail, $* _____

*AUSAs Paul Scotti and Justina Geraci, (631) 715-7836/-7835*

EXHIBIT 2



EXHIBIT 3



EXHIBIT 4

